UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22236-CIV-GOLD/GOODMAN

HOWARD ADELMAN and
JUDITY SCLAWY, as
Co-Personal Representatives of THE
ESTATE OF MICHAEL SCLAWY-ADELMEN,

      Plaintiffs,

vs.

BOY SCOUTS OF AMERICA, et al

      Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

This Cause is before the Court in connection with Defendant Schmidt and Crompton's motion for reconsideration (DE# 204).[1] The Court has considered the motion and associated briefing and the argument of counsel at a June 7, 2011 hearing.

The Court notes, as an initial matter, that in its prior *in camera* review of the text messages, the Court reviewed the messages for their **substantive** relevance under Rule 26, but did not consider the defense position that the *identity* of the senders may be independently relevant as well. The Court also notes that Magistrate Judge Chris McAliley, who was previously assigned to this case, found that any cellular phone data from May 8-9, 2009 was relevant and discoverable. Although the Court previously determined that the text messages themselves are not relevant or discoverable, the identities of individuals who were in contact with Michael Adelman on the day of, and on the day before, his death is easily within the broad scope of information discoverable under Rule 26 because the information could potentially lead to admissible evidence

---

[1] The motion is actually captioned as a motion for reconsideration **and/or** appeal of my earlier discovery order. This characterization is inherently confusing and arguably improper from a procedural perspective because a motion for reconsideration is necessarily addressed to the magistrate judge while an appeal is handled by the district judge. In any event, United States District Judge Alan S. Gold expressly construed the dual-titled motion as one for reconsideration in his Order Referring Motion. (DE# 210).

pertaining to the defenses asserted by Schmidt and Crompton. At an absolute minimum, this discovery could potentially lead to witnesses with admissible information on Adelman's physical condition and state of mind both before and during the hike.

Based on the information provided during the hearing, it appears that two text messages were sent to Adelman on the day of the hike (May 9, 2009). If it were possible, the Court would direct the telephone expert (Mr. Conrad) to produce for the parties the substance of these two text messages (and only these two text messages). However, there does not appear to be any technologically viable way to release only these two messages and not the other 186 messages. In particular, the parties advised the Court at today's hearing that Mr. Conrad cannot determine which text messages were sent on May 9, 2009.

That said, Plaintiffs have not interposed any objection based on privilege, work product, or trade secrets sufficient to override the Defendants' interest in obtaining this information. Plaintiffs have merely asserted that this information may be an infringement on their privacy, could be potentially embarrassing, are beyond the scope of discovery and could be used to harass. Since the Court has already reviewed the text messages, it can say with confidence that these concerns do not justify limiting the Defendants access to this material.

Given that the two text messages were already ordered to be produced by Magistrate Judge McAliley and given that there is no efficient way to achieve this end without having the other non-privileged text messages produced, the Court is left with the following choice: should it permit the disclosure of all 188 text messages in order to make sure that the two received during the hike are produced or should it prevent the defendants from discovering these two text messages (which may identify potential witnesses) in order to safeguard the other 186 text messages which are beyond the scope of discovery but which are not privileged or traditionally confidential? Thus, the Court needs to perform a balancing test.

Because the two text messages contain information which is discoverable and which arguably is highly relevant (i.e., the identities of witnesses who communicated with the decedent on the day of this death) and because the other text messages are

2

merely beyond the scope of discovery but are not privileged or unduly sensitive, the balance easily tips is favor of disclosure.

Defendants' motion for reconsideration is therefore **granted**.  Mr. Conrad is ordered to turn over to the parties the SMS files and History which were withheld from his earlier report by **June 13, 2011 at 12:00 p.m.**

The Court also fully expects that defense counsel will exercise care and discretion with the information once produced.  Defense counsel expressly and unequivocally represented to the Court that he and his clients would treat the information with appropriate confidentiality and discretion.  Defendants and their counsel shall not use the text message information for any purpose other than this case.

If Plaintiffs believe that any of the other 186 text messages are worthy of some additional type of special protection, then they are free to file a motion seeking the relief they deem appropriate.  Having reviewed the substance of the text messages, the Court is unaware of a need for any type of additional relief but is willing to evaluate any good faith motions advocating a different assessment.

DONE AND ORDERED in Chambers, at Miami, Florida, this 7th day of June, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to:</u>
Hon. Alan S. Gold
Counsel of Record